IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT SANCHEZ,

       Movant,

vs.                                              No. CV 20-00215 RB/SMV
                                                 No. CR 18-00538 RB

UNITED STATES OF AMERICA,

       Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

      THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings on the Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Movant, Robert Sanchez. (CV Docs. 1, 4; CR Doc. 39.) The Court will dismiss the Motion and deny a certificate of appealability.

**I.**       **Factual and Procedural Background**

      Movant Robert Sanchez was indicted by a grand jury as a felon in possession of a firearm or ammunition in violation of 18 U.S.C. §§ 922(g)(1). (CR Doc. 3.) Mr. Sanchez pled guilty to the indictment without a Plea Agreement. (CR Doc. 32.) At the plea hearing, Mr. Sanchez admitted that he had previously been convicted of a felony, knowingly possessed a gun and ammunition, and that a factual basis existed for each element of the crime. (*Id.*) On March 6, 2019, the Court entered Judgment and imposed a sentence of 180 months of incarceration. (CR Doc. 38.) Mr. Sanchez did not appeal the conviction or sentence.

      Mr. Sanchez filed § 2255 Motion seeking relief under the U.S. Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). (CV Doc. 1; CR Doc. 39.) He asserts that his

1

§ 922(g)(1) conviction is invalid under *Rehaif* and that his conviction should be set aside. (CV Doc. 1 at 4; CR Doc. 39 at 4.) Mr. Sanchez also raises claims of ineffective assistance of his defense counsel in failing to anticipate, investigate, and raise the *Rehaif* issue and to advise him of his appeal rights. (CV Docs. 1 at 4; *see also* CV Doc. 4; CR Doc. 39 at 4.)

Pending before the Court is Mr. Sanchez's handwritten request to amend his Motion. (CV Doc. 4.) Sanchez seeks leave to amend to add detail to his *Rehaif* and ineffective assistance claims. (*Id.*) The Court will grant his request to amend his § 2255 Motion.

**II.    Mr. Sanchez is Not Entitled to § 2255 Relief**

Mr. Sanchez seeks collateral review of his sentence under 28 U.S.C. § 2255. Section 2255 provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In seeking § 2255 relief, Mr. Sanchez relies on *Rehaif*, 139 S. Ct. at 2200, to set aside his federal crime (felon in possession of a firearm, 18 U.S.C. § 922(g)). *Rehaif* held that in a prosecution under § 922(g), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. In his criminal case, Mr. Sanchez pled guilty to the Indictment, which states:

> On or about July 2, 2017, in Chaves County, in the District of New Mexico, the defendant, Robert Sanchez, having been convicted of at least one of the following felony crimes punishable by imprisonment for a term exceeding one year:
>     (1) receiving stolen property,

2

>   (2) aggravated burglary,
>   (3) residential burglary,
>   (4) auto burglary (three counts),
>   (5) possession of burglary tools,
>   (6) conspiracy to commit burglary,
>   (7) larceny over $250.00 (three counts),
>   (8) larceny over $2,500.00,
>   (9) possession of stolen property,
>   (10) battery upon a peace officer,
>   (11) robbery (two counts),
>   (12) abandonment or abuse of a child,
>   (13) aggravated assault (two counts),
>   (14) firearms, or destructive devices, receipt, transportation or possession by a felon (two counts),
>   (15) aggravated assault,
> knowingly possessed, in and affecting commerce, a firearm and ammunition. In violation of 18 U.S.C. § 922(g)(1).

(CV Doc. 3 at 1–2; CR Doc. 32). *Rehaif*'s mens rea requirement was therefore satisfied in this case. *See United States v. Benton*, ___ F.3d ___, 2021 WL 687940 (10th Cir. 2021).

Even if it were not satisfied, *Rehaif* cannot form the basis for § 2255 relief because, unlike challenges brought under *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019), courts have uniformly held that *Rehaif* is not retroactively applicable on collateral review. *See, e.g. In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *In re Sampson*, 954 F.3d 159 (3rd Cir. 2020); *Barela v. United States,* No. 13-CR-3892 KWR-JFR, 2020 WL 519474, at *3 (D.N.M. 2020); *United States v. Shobe*, 2019 WL 3029111, *2 (N.D. Okla. 2019); *United States v. Grigsby*, 2019 WL 3302322, at *1 (D. Kan. 2019); *Khamisi-El v. United States,* 800 F. App'x 344 (6th Cir. 2020); *Littlejohn v. United States*, 2019 WL 6208549, at *2 (W.D.N.C. 2019); *Moore v. United States*, 2019 WL 4394755, at *2 (W.D. Tenn. 2019). Mr. Sanchez is not entitled to § 2255 relief based on *Rehaif*.

Mr. Sanchez also raises claims of ineffective assistance of counsel. (CV Docs. 1 at 4; *see also* Doc. 4.) In order to establish a claim of ineffective assistance of counsel, a movant must

demonstrate: (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the challenger must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. To establish prejudice, the movant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. The likelihood of a different result must be substantial, not just conceivable. *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

Where the petitioner entered a plea of guilty or no contest, the petitioner must establish that he would not have pled guilty had his attorney performed in a constitutionally adequate manner. *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001). If a plea was intelligently and voluntarily entered on advice of counsel and that advice was within constitutional standards, the plea is deemed valid and there is no basis for federal habeas corpus relief. *Akridge v. Hopper*, 545 F.2d 457, 458 (5th Cir. 1977). Where there is sufficient evidence that counsel was not ineffective in allowing the petitioner to enter into a plea, the petitioner is not entitled to habeas corpus relief. *Allen v. Mullin*, 368 F.3d 1220, 1246 (10th Cir. 2004).

Mr. Sanchez first contends that his defense counsel was ineffective during the pretrial stage because the Court should have allowed him to investigate and scrutinize the knowing possession of a firearm charge under the *Rehaif* standard. (CV Doc. 1 at 4.) However, Sanchez was convicted prior to the *Rehaif* decision and, as set out, above, is not eligible for any relief under *Rehaif*. Sanchez's claim does not show deficient performance by his counsel. *Strickland*, 466 U.S. at 688. Nor do the allegations establish that the result of the proceeding would have been different. *Benton*, 2021 WL 687940. Last, to the extent Mr. Sanchez contends that he would not have pled guilty to the indictment, the record clearly establishes that the plea was intelligently and voluntarily entered

on advice of counsel and that advice was within constitutional standards. (*See* CR Doc. 32.) *See Akridge*, 545 F.2d at 458. His counsel was not ineffective in allowing him to enter into a plea, and he is not entitled to habeas corpus relief. *See Allen*, 368 F.3d at 1246.

Last, Mr. Sanchez makes a passing argument that his counsel was ineffective in failing to advise him of his appeal rights. (CV Doc. 4.) However, the record shows that the Court fully advised Sanchez regarding his right to appeal. (CRDoc. 37.) Nor, as set out above, would Mr. Sanchez have been entitled to relief on appeal based on *Rehaif*. Even if his counsel did not advise him of those rights, Sanchez was not prejudiced by any ineffective assistance of counsel. *See Strickland,* 466 U.S. 694.

Mr. Sanchez is not entitled to relief on his § 2255 claims based on *Rehaif* or ineffective assistance of counsel and his claims will be dismissed under Rule 4 of the Rules Governing Section 2255 Proceedings. The Court also determines, *sua sponte* under Rule 11(a) of the Rules Governing Section 2255 Cases, that Sanchez has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

**IT IS ORDERED:**

**(1)** the handwritten request to amend filed by Movant Robert Sanchez (Doc. 4) is **GRANTED**; and

**(2)** Movant Robert Sanchez's Petition Under 28 U.S.C. § 2255 to Vacate Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1, 4; CR Doc. 39) is **DISMISSED** and a certificate of appealability is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE